**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NORTH AMERICAN COMPANY FOR | ) | |
| LIFE AND HEALTH INSURANCE, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 4:21-cv-00819 |
| | ) | |
| v. | ) | |
| | ) | |
| LORRAINE F. FRY, | ) | |
| | ) | |
|     Defendant, | ) | |

**COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT**

Plaintiff, North American Company for Life and Health Insurance ("NACOLAH"), by and through its attorney, Joseph R. Jeffery, states as follows for its Complaint for Rescission and Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57:

**THE PARTIES**

1.      Plaintiff, NACOLAH, is incorporated in the State of Iowa, with its principal place of business in West Des Moines, Iowa.

2.      Defendant, Lorraine F. Fry ("Fry"), resides in Lincoln County, Missouri, and is a citizen of the State of Missouri.

**JURISDICTION & VENUE**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), in that diversity of citizenship exists between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2), in that Defendant resides in this judicial district and a substantial part of the events giving rise to

NACOLAH's claims occurred in this judicial district.

## NATURE OF ACTION

5.      NACOLAH issued a Level Term Life Insurance Policy, Policy No. LB42023268 (the "Policy"), with a face value of $100,000.00 and a Policy Date of July 14, 2020, to Fry as the Owner and Insured. A duplicate Policy is attached hereto as Exhibit A.

6.      NACOLAH seeks a declaration under 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure that it has no liability under the Policy and that the Policy is rescinded, null, void and/or void *ab initio* under Missouri law on the grounds that: (1) Fry made a material misrepresentation and omission in her Individual Life Insurance Application for the Policy, which Application was attached to the Policy; (2) NACOLAH issued the Policy based on a unilateral mistake concerning Fry's state of health, which was caused by Fry's material misrepresentation; (3) a condition precedent to the Policy's formation was not satisfied; and (4) the misrepresentation Fry made to induce NACOLAH to issue the Policy was fraudulent.

### Count I – Declaration that the Policy is Rescinded and Void Due to Fry's Misrepresentation of a Material Fact in Her Application

7.      NACOLAH repeats and re-alleges Paragraph Nos. 1 through 6 as though fully set forth herein.

8.      NACOLAH issued the Policy in reliance on the statements made in the Individual Life Insurance Application ("Application") that Fry electronically signed and submitted online an on July 14, 2020. A true and correct copy of the Application was attached to the Policy issued by NACOLAH. (Ex. A, Application for Life Insurance).

9.      The Application informed Fry that her responses to the questions posed therein "will be used to determine your eligibility" for the life insurance benefits she sought. (Exhibit A, Application).

10. Question 19 of the Application requested the following information concerning Fry's health history:

> 19. In the past 10 years, have you been medically diagnosed or medically treated for (Select all that apply):
>
> ☐ Depression or other mental disorder
>
> ☐ Alcohol abuse
>
> ☐ Chest pain
>
> ☐ Diabetes
>
> ☐ Stroke or mini-stroke/TIA
>
> ☐ Seizure disorder
>
> ☐ None of the above

11. Fry answered, "None of the above." (Exhibit A, Application).

12. Fry electronically signed the Application, which stated in pertinent part as follows:

> **It Is Declared** That Statements and answers in this application, including statements by me in any medical questionnaire or supplement that become part of this application, are complete and true to the best of my knowledge and belief.
>
> …
>
> **Effective Date** Any insurance issued as a result of this application will not take effect until the full first premium is paid and the contract is delivered to and accepted by you while you are living and in the state of health and financial condition described in all parts of this application.

13. Fry paid the Policy's initial premium of $31.42 on July 14, 2020.

14. The Policy and the attached Application were delivered to and accepted by Fry on July 14, 2020.

15. The Policy's General Provisions identified the documents that constituted the "Entire Contract" between Fry and NACOLAH:

3

> The entire contract between You and the Company consists of this Policy, including any attached endorsements or riders, any attached schedules, the attached application for this Policy, and any attached supplemental application. Each statement made in any such application, in the absence of fraud, is deemed a representation and not a warranty.

(Exhibit A, § 3.1.1).

16.     The Policy's General Provisions also included the following "Incontestability" provision:

> INCONTESTABILITY – The Company cannot contest this Policy after it has been in effect during the lifetime of the Insured for two years from the Policy Date or, if reinstated, for two years from the date of reinstatement, except for:
>
> (a)     Non-payment of Premium; or
> (b)     Fraud, when permitted by applicable law in the state where this Policy is delivered or issued for delivery.
>
> […]
>
> As long as this Policy remains contestable, the Insured, Owner, Beneficiary, or next-of-kin will cooperate with the Company in any contestable investigation conducted by the Company, including, but not limited to, supplying the Company with necessary authorizations for medical and other information.

(Exhibit A, § 3.3).

17.     After it issued the Policy, NACOLAH learned that on December 14 and 15, 2017, Fry received medical treatment at Mercy Hospital Lincoln in Troy, Missouri. On December 14, 2017, Fry received medical treatment from Aziz S. Doumit, M.D., and informed Dr. Doumit that she "drinks up to 6 beers a day."

18.     The next day, Fry was treated by Scott A. Barton, D.O. Fry advised Dr. Barton that she drank "7-9 [B]ud [L]ight 16 oz. cans per day, more on weekends" and confirmed that she "[h]as not gone 4 days without drinking in > 1 year."

19.     Dr. Barton described Fry as having a "history of heavy alcohol abuse," and he included an "Alcohol Abuse" diagnosis among Fry's "Active Problems." He further recorded that

4

he "[a]dvised alcohol cessation" and "[d]iscussed importance of cessation" of alcohol with Fry. Fry advised that "[s]he has no desire to stop drinking."

20.     In light of Fry's December 14 and 15, 2017, medical diagnosis and treatment, Fry's response to Question 19 was false.

21.     NACOLAH did not know Fry's response to Question 19 was false at the time it issued the Policy.

22.     Fry's false representation was material because NACOLAH would not have issued the Policy had Fry responded truthfully to Question 19.

23.     By letter dated January 28, 2021, NACOLAH informed Fry that it discovered her false representation and advised that it would not have issued the Policy had Fry responded truthfully to Question 19.

24.     In its January 28, 2021, letter to Fry, NACOLAH invited Fry to provide evidence establishing that her response to Question 19, in fact, was true. In the alternative, NACOLAH invited Fry to agree to the rescission of the Policy and a refund of all premiums paid, plus interest. Fry did not respond to either of NACOLAH's invitations.

25.     Under cover of a letter dated July 6, 2021, NACOLAH mailed to Fry a check in the amount of $388.66, which amount is the total value of all premiums paid on the Policy, plus interest through July 6, 2021. As of the date NACOLAH filed this Complaint, Fry had not deposited, cashed, or otherwise caused the check to be presented for payment.

26.     Fewer than two years have passed between the Policy Date and the date this lawsuit was filed. The two-year contestability period set forth in the Policy, therefore, has not expired, and the Policy remains contestable.

**WHEREFORE,** Plaintiff, North American Company for Life and Health Insurance,

5

respectfully requests that this Court:

    A.  Enter judgment in favor of NACOLAH and against Defendant by declaring that Policy No. LB42023268 is rescinded, null, void, and/or void *ab initio*; and

    B.  Enter orders for all other relief this Court deems necessary, just, and proper under the circumstances of this action.

<b>Count II – Declaration that the Policy is Rescinded and Void Due to NACOLAH's<br>Unilateral Mistake Caused by Fry's Misrepresentation of a Material Fact</b>

27.  NACOLAH repeats and re-alleges Paragraph Nos. 1 through 26 as though fully set forth herein.

28.  By virtue of the medical diagnosis and treatment Fry received on December 14 and 15, 2017, Fry knew at the time she completed and submitted the Application that her response to Question 19 was false.

29.  Because of Fry's material misrepresentation in response to Question 19 of the Application, NACOLAH had an erroneous belief as to the true state of Fry's health on the date of her Application.

30.  NACOLAH issued the Policy to Fry based on its erroneous belief as to the true state of Fry's health on the date of her Application.

31.  Rescission of the Policy is justified by NACOLAH's unilateral mistake, which was caused by Fry's material misrepresentation in response to Question 19 of the Application.

**WHEREFORE,** Plaintiff, North American Company for Life and Health Insurance, respectfully requests that this Court:

    A.  Enter judgment in favor of NACOLAH and against Defendant by declaring that Policy No. LB42023268 is rescinded, null, void, and/or void *ab initio*; and

    B.  Enter orders for all other relief this Court deems necessary, just, and proper under the

6

circumstances of this action.

### Count III – Declaration that Policy Never Took Effect and is Void *Ab Initio*<br>Due to Failure of a Condition Precedent

32.     NACOLAH repeats and re-alleges Paragraph Nos. 1 through 31 as though fully set forth herein.

33.     Because Fry's state of health on July 14, 2020, was not as she described in her application, the condition precedent to Policy's coverage was not satisfied. Consequently, the Policy never went into effect.

**WHEREFORE,** Plaintiff, North American Company for Life and Health Insurance, respectfully requests that this Court:

A.   Enter judgment in favor of NACOLAH and against Defendant by declaring that Policy No. LB42023268 is void *ab initio* as it never became effective due to the failure of a condition precedent; and

B.   Enter orders for all other relief this Court deems necessary, just, and proper under the circumstances of this action.

### Count IV – Declaration that Policy is Rescinded and Void<br>Due to Fraudulent Misrepresentation in the Application

34.     NACOLAH repeats and re-alleges Paragraph Nos. 1 through 33 as though fully set forth herein.

35.     Because NACOLAH was unaware of Fry's misrepresentation in response to Question 19 and because the Application specifically informed Fry that her responses to the questions posed therein "will be used to determine [her] eligibility" for the life insurance benefits she was seeking, NACOLAH was entitled to rely on Fry's response to Question 19.

36.     In light of Fry's knowledge that her response to Question 19 was false at the time

7

she made it, and her knowledge that NACOLAH would rely on her false response to Question 19 when deciding whether to issue the Policy, Fry intended that NACOLAH would rely on her false representation in order to issue the Policy.

**WHEREFORE,** Plaintiff, North American Company for Life and Health Insurance, respectfully requests that this Court:

A. Enter judgment in favor of NACOLAH and against Defendant by declaring that Policy No. LB42023268 is rescinded, null, void, and/or void *ab initio*; and

B. Enter orders for all other relief this Court deems necessary, just, and proper under the circumstances of this action.

Respectfully submitted,

/s/ Joseph R. Jeffery
Joseph R. Jeffery, # 45098(MO)
Chittenden, Murday & Novotny LLC
303 W. Madison, Suite 2400
Chicago, IL 60606
(312) 281-3600 (phone)
(312) 281-3678 (fax)
jjeffery@cmn-law.com
*Attorney for Plaintiff*